[673 NYS2d 589]

In the Matter of DOUGLAS J. HYNES (Admitted as DOUGLAS
    JAMES HYNES), a Suspended Attorney, Respondent. GRIEV-
    ANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
    Petitioner.

Second Department, June 15, 1998

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset (*Robert P. Guido* of counsel), for petitioner.

*Gentile & Benjamin,* New York City (*Susan Brotman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent, Douglas J. Hynes, has submitted an affidavit dated February 24, 1998, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). The respondent acknowledges that he is currently the subject of an investigation by the Grievance Committee for the Tenth Judicial District into allegations of professional misconduct. He has been advised by the Grievance Committee that evidence adduced during its investigation would result in a disciplinary proceeding which would include charges that, from January 29, 1997 to September 26, 1997, he failed to maintain or preserve $26,530 in proceeds from the sale of real property owned by his client, Gladys Coverdale, which had been entrusted to him for the benefit of Ms. Coverdale.

The respondent states that his resignation is voluntarily tendered, and that he has not been subjected to coercion or duress. He states that he has discussed his decision to resign with counsel, and that he is fully aware of its implications, including the fact that he is barred from seeking reinstatement for at least seven years (*see,* Judiciary Law § 90).

The respondent acknowledges that he could not successfully defend himself on the merits against any disciplinary charges which might be initiated against him by the Grievance Committee. He submits his resignation subject to any application which might be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). The respondent acknowledges the continuing jurisdiction of this Court in connection with the aforesaid matters, and specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard, except that he asserts that on September 26, 1997, he repaid $26,530 to Mrs. Coverdale, a fact which the Grievance Committee has independently confirmed.

The Grievance Committee recommends that the respondent's resignation be accepted. As the proffered resignation conforms

with appropriate Court rules, it is accepted, and he is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SANTUCCI, JJ., concur.

Ordered that the resignation of Douglas J. Hynes is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Douglas J. Hynes is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Douglas J. Hynes shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Douglas J. Hynes is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.